IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:10CV3113 |
| | ) | |
| v. | ) | |
| | ) | |
| 12ᵀᴴ JUDICIAL DISTRICT BOARD | ) | MEMORANDUM AND ORDER |
| OF MENTAL HEALTH OF BOX | ) | |
| BUTTE COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This is a habeas corpus action (filing no. 1) submitted by Michael J. Kriz (Kriz) who has been confined at the Lincoln, Nebraska Regional Center under Nebraska's Mental Health Commitment Act. *See*, *e.g.*, Neb. Rev. Stat. §§ 71-901 et seq. (West 2010). Kriz challenges his commitment. Respondent has moved for summary judgment (filing no. 13) and has filed a brief (filing no. 14) and index with evidence (filing nos. 15 & 16). Kriz has not responded.

    Respondent first claims that Kriz has failed to exhaust his state remedies. Accepting Respondent's statement of facts as the material undisputed facts, I agree that Kriz has not exhausted his state remedies. Since this Court has twice explained to Kriz in earlier cases the necessity of exhausting his state remedies and since this Court has twice explained how Kriz might go about doing so, it is sufficient merely to refer to those cases and the extended discussion contained therein. *See Kriz v. 12ᵗʰ Judicial District Board of Mental Health of Box Butte County*, 4:09CV3094 (D. Neb. 2009) (filing no. 16); *Kriz v. 12ᵗʰ Judicial District Board of Mental Health of Box Butte County, et al.*, 4:05CV3255 (D. Neb. 2006) (filing no. 24). Accordingly,

IT IS ORDERED that Respondent's motion for summary judgment (filing no. 13) is granted as provided herein. A separate judgment will be issued dismissing this case without prejudice.

DATED this 2nd day of November, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.