IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. KRIZ, | ) | 4:10CV3113 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| 12TH JUDICIAL DISTRICT | ) | |
| BOARD OF MENTAL HEALTH OF | ) | |
| BOX BUTTE COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Leave to Appeal In Forma Pauperis ("IFP") (filing no. 22) and Motion for Appointment of Counsel (filing no. 32). The court will address each motion in turn.

### *I. Background*

On November 2, 2010, the court dismissed Petitioner's habeas corpus claims without prejudice and entered Judgment against him. (Filing Nos. 19 and 20.) On November 16, 2010, Petitioner filed a Notice of Appeal. (Filing No. 21.) However, Petitioner failed to file a motion for a certificate of appealability. (*See* Docket Sheet.)

On November 29, 2010, the court informed Petitioner that he failed to file a motion for a certificate of appealability and that this matter could not proceed on appeal until the question of the certificate of appealability was considered. (Filing No. 24.) The court provided Petitioner 30 days to file a motion for a certificate of appealability and a brief in support. (*Id*. at CM/ECF p. 2.) In doing so, the court warned Petitioner that if he failed to file a motion for a certificate of appealability and a brief in support by December 29, 2010, the court would deny the issuance of a certificate of appealability without further notice.

Over the next several months Petitioner filed three Motions for Extension of time; the court granted each Motion. (Filing Nos. 25, 26, 28, 29, 30 and 31.) In granting Petitioner's third Motion for Extension of Time, the court informed Petitioner that his motion for a certificate of appealability was due April 14, 2011, and that "[n]o further extensions of time [would] be granted." (Filing No. 31.) On April 11, 2011, Petitioner filed a Motion for Appointment of Counsel. (Filing No. 32.)

## II. *Motion for Appointment of Counsel*

As discussed above, Petitioner seeks the appointment of counsel. (*Id*.) In his Motion for Appointment of Counsel, Petitioner argues that he needs the assistance of counsel because he does not know how to prepare a motion for certificate of appealability. (*Id*.) However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex, the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

### III. IFP Status

As set forth in Federal Rule of Appellate Procedure 24(a)(1):

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

>    (A)   shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
>    (B)   claims an entitlement to redress; and
>
>    (C)   states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). In light of the information provided by Petitioner in his Motion for Leave to Appeal IFP (filing no. 22) and pursuant to Federal Rule of Appellate Procedure 24(a), the court concludes that Petitioner may proceed IFP on appeal.

### IV. Certificate of Appealability

As the court previously informed Petitioner, before he may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

3

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal)).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

---

[1]Similarly, Fed. R. App. P. 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has granted Petitioner three extensions of time to file a certificate of appealability, yet he has failed to do so. In granting Petitioner's third Motion for Extension of Time, the court informed Petitioner that his motion for certificate of appealability was due April 14, 2011, and that "[n]o further extensions of time [would] be granted." (Filing No. 31.) The April 14, 2011, deadline has passed and Petitioner has failed to comply with the court's orders. Nevertheless, the court has independently examined the record in this matter and finds that a reasonable jurist could not conclude either that the district court erred in dismissing the Petition or that Petitioner should be allowed to proceed further. Accordingly, the court will not issue a certificate of appealability in this matter.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Appointment of Counsel (filing no. 32) is denied without prejudice to reassertion before the Eighth Circuit.

2. Petitioner's Motion for Leave to Appeal IFP (filing no. 22) is granted.

3. The court declines to issue a certificate of appealability in this matter.

5

4.       The Clerk of the court shall provide the Court of Appeals a copy of this Memorandum and Order.

DATED this 2nd day of May, 2011.

>                             BY THE COURT:
>
>                             *Richard G. Kopf*
>                             United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.